1  RONALD L. RICHMAN (SBN 139189)
   ADAM THOMAS (SBN 297249)
2  BULLIVANT HOUSER BAILEY PC
   101 Montgomery Street, Suite 2600
3  San Francisco, CA  94104-4146
   Telephone:  415.352.2700
4  Facsimile:  415.352.2701
   E-mail:        ron.richman@bullivant.com
5                 adam.thomas@bullivant.com
6
7  Attorneys for Plaintiffs

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  BOARD OF TRUSTEES OF THE CEMENT MASONS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE CEMENT MASONS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE CEMENT MASONS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and BOARD OF TRUSTEES OF THE CEMENT MASONS TRAINING TRUST FUND FOR NORTHERN CALIFORNIA, | Case No.: **COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT, TO RECOVER UNPAID TRUST FUND CONTRIBUTIONS, AND FOR A MANDATORY INJUNCTION** **[29 U.S.C. §185(A); 29 U.S.C. §§1109, 1132(G)(2), 114; 28 U.S.C. §1367(A)]** |
| Plaintiffs, | |
| vs. | |
| RC-D CONCRETE, INC., a California corporation, | |
| Defendant. | |

24        Now come the plaintiffs, hereinabove named, and for their causes of action against

25  defendant, allege as follows:

26                        **I. <u>JURISDICTION</u>**

27        1.        This is an action for damages for breach of the collective bargaining agreement

28  described below, for recovery of unpaid trust fund contributions and for injunctive relief.  This

1  Court has jurisdiction of the action under and pursuant to the provisions of 29 U.S.C. §185

2  (§301 of the Labor Management Relations Act of 1947, as amended) and 29 U.S.C.

3  §§1132(a)(3) and 1132(e)(1) (§§502(a)(3) and 502(e)(1) of the Employee Retirement Income

4  Security Act of 1974, as amended) ("ERISA").  The suit arises from the defendant's failure to

5  make trust fund contributions as required by the collective bargaining agreement, by the written

6  trust agreements, and by provisions of federal law.

7  ## II. INTRADISTRICT ASSIGNMENT

8       2.     Venue of the within action is properly laid in the U.S. District Court for the

9  Northern District of California in that, under ERISA §502(e)(2), 29 U.S.C. §1132(e)(2),

10  contributions are made to, and benefits are paid from, a corporate co-trustee bank in the

11  Northern District of California.

12  ## III. PARTIES

13       3.     The Cement Masons Health and Welfare Trust Fund for Northern California,

14  Cement Masons Vacation-Holiday Trust Fund for Northern California, Cement Masons Pension

15  Trust Fund for Northern California, and Cement Masons Training Trust Fund for Northern

16  California are the plaintiffs herein.  The Cement Masons Health and Welfare Trust Fund for

17  Northern California, Cement Masons Vacation-Holiday Trust Fund for Northern California,

18  Cement Masons Pension Trust Fund for Northern California, and Cement Masons Training

19  Trust Fund for Northern California (the "Trust Funds") are trust funds organized under and

20  pursuant to the provisions of §§302(c)(5) and 302(c)(6) of the Labor Management Relations Act

21  of 1947, as amended, 29 U.S.C. §§186(c)(5) and 186(c)(6).  The Trust Funds were established

22  through collective bargaining agreements between the District Council of Plasters and Cement

23  Masons of Northern California and employer associations representing construction industry

24  employers doing business in Northern California.  The Trust Funds are employee benefit plans

25  created by written trust agreements subject to and pursuant to §§3(3) and 3(37) of ERISA,

26  29 U.S.C. §§1002(3) and (37).  The Boards of Trustees, as fiduciaries, are the plaintiffs, who

27  sue on behalf of the Trust Funds.

28

4863-2772-9699.1 30011/00077

– 2 –

4.      Each of the Trust Funds is a third-party beneficiary of the collective bargaining agreement described below.

5.      At all times mentioned herein, each of the Trust Funds was an express trust created by a written trust agreement subject to and pursuant to §302 of the Labor Management Relations Act, 29 U.S.C. §186, and a multi-employer benefit plan within the meaning of sections 3 and 4 of ERISA, 29 U.S.C. §§1002, 1003.

6.      The Trust Funds provide a variety of benefits for cement masons, retired cement masons and other related covered employees on whose behalf contributions are made pursuant to collective bargaining agreements.  The duties of the Board of Trustees of the Trust Funds include ensuring that employers who are signatories to said collective bargaining agreements comply with the terms of those agreements with respect to payments and contributions to the Trust Funds.

7.      Plaintiffs are informed and believe, and upon that ground allege, that at all times material hereto, defendant RC-D Concrete, Inc. ("RC-D Concrete") is a California corporation, a contractor, with its principal place of business located in Union City, California.  Plaintiffs are further informed and believe, and upon that ground allege, that RC-D Concrete is and has been an employer within the meaning of section 3(5) and section 515 of ERISA, 29 U.S.C. §§1002(5), 1145 and an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. §185.

## IV. <u>FIRST CLAIM FOR RELIEF</u>

### (Breach of Collective Bargaining Agreement)

8.      Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations contained in Paragraphs 1-7 of this complaint.

9.      On or about April 18, 2005, defendant RC-D Concrete executed a Memorandum Agreement with the District Council of Plasterers' and Cement Masons' of Northern California. By virtue of its execution of the Memorandum Agreement, defendant RC-D Concrete became bound to a written collective bargaining agreement with the District Council of Plasterers' and Cement Masons' of Northern California ("Cement Masons Union"), known as the "Master

Agreement."  Currently, the "Master Agreement" is the Master Labor Agreement between Associated General Contractors of California, Inc. and District Council of Plasterers and Cement Masons of Northern California.  In agreeing to be bound to the Master Agreement, defendant agreed to be subject to and bound by all provisions and conditions of the written Trust Agreements which established the trust funds.  Pursuant to the provisions of the Master Agreement, defendant agreed to be bound by all terms relating to wages, hours and conditions of employment prescribed therein with the Cement Masons Union.

10.     By virtue of the Master Agreement and written trust agreements, defendant promised and agreed that (1) it would pay employee fringe benefit contributions into each Trust Fund in regular monthly installments commencing on or before the 15th day of the month immediately succeeding the month in which the employee's work was performed; (2) that in the event that any of said monthly installments were not paid in full on or before the 25th day of the month in which such contributions became due, it would pay interest on the delinquent contribution in the amount of 1.5% per month until paid in full, and would also pay the amount of $150 for each delinquent contribution as liquidated damages, and not as a penalty; and (3) that if any suit with respect to any of said contributions or payments were filed against him, it would pay into said Trust Funds the attorneys' fees, costs and all other expenses incurred in connection with such suit.

11.     The Master Agreement between the Cement Masons Union and RC-D Concrete has never been terminated.

12.     Plaintiffs have performed all conditions, covenants and promises on their part to be performed in accordance with the terms and conditions of the Master Agreement and Trust Agreements.

13.     Within four years last past, defendant materially breached and broke the aforesaid Master Agreement and Trust Agreements in the following respects:

      a.     by reporting, but failing to pay, all employee fringe benefit contributions for its covered employees reported into each Trust Fund (reported, not

1                paid) for the period July 2018; and July, November and December 2021

2                in the principal amount of $948.52, according to proof at trial;

3      b.     by failing to pay interest and liquidated damages on the unpaid and

4                delinquent employee fringe benefit contributions (reported, not paid), for

5                the period July 2018; and July, November and December 2021 according

6                to proof at trial; and

7      c.     by failing to pay interest and liquidated damages on contributions paid,

8                but paid late, for the period June - September, November and

9                December 2018; January – December 2019; January – March, May,

10               August, September, November and December 2020; and January –

11               December 2021 in the amount of $28,915.37, according to proof at trial.

12     14.    The aforesaid material breaches proximately caused damages to plaintiffs in the

13 following approximate amounts, all according to proof at trial: (a) for unpaid contributions

14 (reported, not paid) in the principal amount of $948.52 plus interest and liquidated damages in

15 an amount to be proved at trial; and (b) for liquidated damages and interest on contributions

16 paid, but paid late, in the amount of $28,915.37, according to proof at trial. Interest will

17 continue to accrue at the rate of 1.5% each month during the pendency of this lawsuit.

18     15.    Plaintiffs have incurred and will continue to incur attorneys' fees in the within

19 action.  Pursuant to the provisions of the Master Agreement and the trust agreements, plaintiffs

20 request that the Court award plaintiffs their attorneys' fees and costs incurred in the bringing of

21 the within action.

22     WHEREFORE, plaintiffs pray for judgment as set forth below.

23 **V. <u>SECOND CLAIM FOR RELIEF</u>**

24 **(Recovery of Unpaid Trust Fund Contributions)**

25 **(ERISA §§502(g)(2), 515)**

26     16.    Plaintiffs reallege and incorporate by reference, as though fully set forth, the

27 allegations contained in Paragraphs 1-15 of this complaint.

28

COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT,

17.     ERISA Section 515, 29 U.S.C. §1145, requires defendant to make such contributions to the plaintiff Trust Funds as are required under the terms of its collective bargaining agreement with the Union.  Pursuant to the provisions of their trust agreements, plaintiffs are entitled to enforce defendant's obligations to make those contributions.

18.     Defendant reported, but failed to pay (reported, not paid), all employee fringe benefit contributions into each Trust Fund for the period July 2018; and July, November and December 2021 in the principal amount of $948.52, according to proof at trial.  Defendant is further obligated by the provisions of the Master Agreement and the Trust Agreements to pay interest on unpaid contributions at the rate of 1.5% per month until paid and liquidated damages in the amount of $150 for each month that defendant failed to timely report and pay all employee fringe benefit contributions into each Trust Fund.

19.     Pursuant to the provisions of ERISA, Section 502(g)(2), 29 U.S.C. §1132(g)(2), plaintiffs are entitled to the following statutory relief:

a.     Section 502(g)(2)(A):  for contributions reported, not paid, an award in the principal balance of $948.52, according to proof at trial;

b.     Section 502(g)(2)(B):  for contributions reported and not paid, an award of interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of the delinquency, until the date of judgment, calculated to be $312.80, according to proof at trial; and

c.     Section (g)(2)(C):  for contributions reported, but not paid, the additional award of an amount equal to the greater of (i) interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of the delinquency, until the date of judgment or;  (ii) liquidated damages under the Master Agreement and trust agreements of $150 for each month that defendant failed to report and pay all employee fringe benefit contributions into each Trust Fund, calculated to be $312.80, according to proof at trial, for contributions not paid.

COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT,

20.    Plaintiffs have incurred and will continue to incur attorneys' fees in the within action.  Pursuant to the provisions of §502(g)(2)(D) of ERISA, 29 U.S.C. §1132(g)(2)(D), plaintiffs request that the Court award plaintiffs their attorneys' fees and costs incurred in the bringing of the within action.

WHEREFORE, plaintiffs pray for judgment as set forth below.

## VI. <u>THIRD CLAIM FOR RELIEF</u>

### (Mandatory Injunction)

21.    Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations contained in Paragraphs 1-20 of this complaint.

22.    Pursuant to the terms and conditions of the Master Agreement and Trust Agreements, defendant RC-D Concrete is required to allow the Trust Funds access to its books and records to determine the amount of trust fund contributions due and owing.  Plaintiffs have, as one of their purposes, the obligation to ensure that contributions required to be made to the Trust Funds are fully and correctly made.  The purposes of the respective funds are to provide health and welfare, vacation, pension and other benefits for cement masons, retired cement masons and other related covered employees on whose behalf contributions are made, which benefits are supported by such contributions, and to ensure that employers who are signatories to the collective bargaining agreement referred to herein comply with the terms of the agreement with respect to the payment of contributions to the Trust Funds.

23.    Pursuant to ERISA §502(g)(2)(E), 29 U.S.C. §1132(g)(2)(E), the Court may award such other legal or equitable relief as the Court deems appropriate, and pursuant to ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), plaintiffs are entitled to obtain appropriate equitable relief for the breaches alleged herein.  Plaintiffs seek a mandatory injunctive order of this Court ordering and requiring defendant to permit plaintiffs' auditor access to its books and records of in order to permit plaintiffs to verify the precise amounts owed by defendant to the Trust Funds.

///
///
///

24.     Plaintiffs seek a mandatory injunctive order from this Court because plaintiffs have no adequate legal remedy in that an audit of the books and records of defendant is the only means to accurately verify the additional amounts owed by defendant to the Trust Funds.

WHEREFORE, plaintiffs pray for judgment as follows.

## VII. RELIEF REQUESTED

1.     On the First Claim for Relief, for damages for breach of the collective bargaining agreement for judgment against defendant: (a) for unpaid contributions (reported, not paid) in the principal amount of $948.52 plus interest and liquidated damages in an amount to be proved at trial; (b) for liquidated damages and interest on contributions paid, but paid late, in the amount of $28,915.37, according to proof at trial; and (c) such other or further amounts as may be shown at trial and as may be discovered after plaintiffs have had the opportunity to conduct an audit of defendant's books and records, for costs of suit, attorneys' fees and for such other further relief as the Court may deem just and proper.

2.     On the Second Claim for Relief, for recovery under ERISA §502(g)(2), 29 U.S.C. §1132(g)(2), for judgment against defendant as follows:

      a.     Under Section 502(g)(2)(A) – for unpaid contributions (reported, not paid) in the principal amount of $948.52, according to proof at trial;

      b.     Under Section 502(g)(2)(B) – an award of interest on the unpaid fringe benefit contributions on the contributions reported, but not paid, at the rate of 1.5% per month, from the date of delinquency, until the date of judgment, calculated to be $312.80, according to proof at trial;

      c.     Under Section 502(g)(2)(C) – the additional award of an amount equal to the greater of (i) interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of delinquency, until the date of judgment; or (ii) liquidated damages under the Master Agreement and trust agreements of $150 for each month that defendant failed to timely report and pay all employee fringe benefit contributions into each Trust Funds, calculated to be $312.80, according to proof at trial.  In addition,

COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT,

1    plaintiffs seek costs of suit, attorneys' fees and for such other further

2    relief as the Court may deem just and proper

3        3.      On the Third Claim for Relief, that defendant be compelled to forthwith submit

4   to an audit by an auditor selected by plaintiffs, which audit is to be conducted at the premises of

5   defendant during business hours, at a reasonable time or times, and to allow said auditor to

6   examine and copy such books, records, papers and reports of defendant that are relevant to the

7   enforcement of the collective bargaining agreement and trust agreements, including, but not

8   limited to, the following for the period January 2019 through the last completed quarter:

9        California Quarterly Report of Wages, Form DE-6; Federal Tax
         Forms W-3/W-2 and 1069/1099; Payroll Registers/Journals;
10       Individual Earnings Records; Source Records, including time cards
         and time card summaries for all employees; contribution reports for
11       all trust funds; workers' compensation reports; certified payroll
         reports; personnel records indicating job classifications and
12       hire/termination dates; cash disbursement journal; vendor invoices;
         copies of subcontract agreements; cash receipts journal; general
13       ledger; job cost records; records of related entities; and any other
         books and records that may be necessary to complete the auditor's
14       determination or provide additional explanation.

15       In addition, plaintiffs seek costs of suit, attorneys' fees and for such other further relief

16   as the Court may deem just and proper.

17  DATED:  June 9, 2022

18                          BULLIVANT HOUSER BAILEY PC

19

20                          By

21                              Ronald L. Richman
                                Adam Thomas
22
                             Attorneys for Plaintiffs
23

24

25

26

27

28

COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT,